UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LAJUAN GRAY** | **CIV. ACTION NO. 3:23-00564** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JP MORGAN CHASE BANK** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to compel, or alternatively, motion to dismiss for failure to prosecute [doc. # 15] filed by Defendant JP Morgan Chase Bank. The motion is unopposed. For reasons assigned below, it is recommended that the alternative motion to dismiss be GRANTED. It is further ordered that the motion to compel be DENIED AS MOOT.

### Background

On or about March 6, 2023, Plaintiff LaJuan Gray ("Gray") filed the instant complaint in the Monroe City Court against Defendant JP Morgan Chase Bank ("Chase") for violating the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq*., apparently because of finance charges associated with Gray's January 17, 2023 purchase of a 2023 Lexus IS350 from Sterling McCall Lexus Clear Lake at Friendswood, Texas. (Petition [doc. # 1-2]). Gray's suit seeks $8,000, plus title to the vehicle, and court costs. *Id*.

On May 1, 2023, Chase removed the suit to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal). Chase filed its responsive pleading on September 29, 2023. (Answer [doc. # 10]).

On October 20, 2023, the court issued its Civil Case Management Order ("CCMO"),

which required the parties to hold a Rule 26(f) conference by November 13, 2023, and to file a case management plan within seven days after their meeting. *See* CCMO [doc. # 11]. Gray, however, did not participate in a meeting with defense counsel, and, thus, Chase was compelled to file a unilateral Rule 26(f) Report. [doc. # 12].

The CCMO also required the parties to exchange initial disclosures by November 30, 2023 (within 7 days after the conference). *See* CCMO and FED. R. CIV. P. 26(a)(1)(C). Again, however, Gray did not heed the order.

On January 10, 2024, Chase served Gray with its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions. (M/Compel/Dismissal, Exh. D [doc. # 15]). By rule, Plaintiff's responses to the written discovery were due by February 9, 2024. However, Gray neglected to respond to the discovery and ignored defense counsel's efforts to communicate with Gray to resolve the issue. *See* Feb. 13, 2024 Email from Brian Allen to L. Gray; M/Compel/Dismissal, Exh. E [doc. # 15].

Consequently, on February 20, 2024, Chase filed the instant motion to compel Gray to provide initial disclosures and to respond to the outstanding discovery requests, plus sanctions, or, alternatively, dismissal of the suit for failure to prosecute. (M/Compel/Dismissal [doc. # 15]).

Gray did not file a response to the motion, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 16]. Accordingly, the motion is deemed unopposed. *Id*.

## **Analysis**

Rule 37(b)(2) provides that when "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is

pending may issue further just orders . . ." which may include an order "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal, however, is a severe and draconian sanction that should be employed as a remedy of last resort. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (citations omitted). Accordingly,

> for a court to justify dismissal as a sanction for violating a discovery order, each of the following factors must be clearly present in the record: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the opposing party's preparation for trial; and (4) a less drastic sanction would [not] substantially achieve the desired deterrent effect.

*Cruz v. Maverick Cty.*, 957 F.3d 563, 569 (5th Cir. 2020) (citation and internal quotation marks omitted); *see also Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985). The Fifth Circuit further requires that "some lesser, preliminary sanction be proven futile before resorting to dismissal." *Id*. (citation omitted).

Similarly, Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b) (in pertinent part). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff . . . and not [his or her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, Gray has ignored at least one court order. Furthermore, Gray's unrepentant flaunting of court orders[1] reflects Gray's own contumaciouness or "stubborn resistance to authority"[2] which is personally attributable to Gray as a litigant unrepresented by counsel.[3]

At this stage, the court is compelled to find that Chase has suffered cognizable prejudice in presenting its defense in light of Gray's persistent refusal to comply with his discovery obligations and the associated orders of the court. Lesser sanctions, such as overlooking Gray's prior non-compliance with the CCMO, have not caused Gray to comply or to have any discernable appreciation of the litigation process. Also figuring prominently in the court's analysis, is the fact that Gray has not bothered to respond to Chase's motion or otherwise attemp to explain the complete failure to prosecute the case. Finally, dismissal of the case may be the least sanction where, as here, there is every indication that Gray no longer wishes to pursue the cause of action.[4]

Accordingly, upon consideration, the court is constrained to find that this matter is

---

[1] This report and recommendation itself provides Gray with further notice of Gray's non-compliance.

[2] *See Millan, supra*.

[3] While the court is aware that Gray is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

[4] Certainly, if Gray disputes this inference, Gray may so demonstrate in objection to the instant report and recommendation.

subject to dismissal for failure to prosecute/heed orders of the court.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that JP Morgan Chase Bank's alternative motion to dismiss for failure to prosecute/heed court order(s) [doc. # 15] be GRANTED and that Plaintiff LaJuan Gray's complaint be DISMISSED, in its entirety. FED. R. CIV. P. 37(b) and/or 41(b).

IT IS FURTHER ORDERED that Chase's motion to compel and for fees/sanctions [doc. # 15] is DENIED AS MOOT.[5]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

---

[5] The recommended dismissal for failure to prosecute represents a more valuable benefit to Chase than a monetary sanction associated with the motion to compel discovery responses.

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 11th day of April, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE